NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0103n.06

Nos. 24-3646/3656

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| | | **FILED** |
| | | Feb 25, 2025 |
| | | KELLY L. STEPHENS, Clerk |

XIAOMING ZHEN (24-3646); JIA LI (24-3656), )
)
    Petitioners, )
)
    v. )
)
PAMELA BONDI, Attorney General, )
)
    Respondent. )
)

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

OPINION

Before: McKEAGUE, KETHLEDGE, and READLER, Circuit Judges.

KETHLEDGE, Circuit Judge. Xiaoming Zhen and his wife, Jia Li, petition for review of a Board of Immigration Appeals order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition.

Zhen and Li are natives and citizens of the People's Republic of China. They came to the United States on temporary visas in April 2009, to attend the graduation of Zhen's sister. They stayed in the country beyond the authorized period, and, in November 2009, the government charged them with removability under the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i).

Zhen and Li conceded removability, but applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Li's applications were derivative of Zhen's. During a hearing, Zhen said he feared persecution and torture in China because of his political opinions. He testified that, shortly after arriving in the U.S., he joined the West American

branch of the China Democracy Party (CDP) in Los Angeles. Zhen described the CDP as hostile to the Chinese government, and said Chinese officials have arrested, jailed, and beaten members of the CDP in China. Zhen said that he protested with the CDP in front of the Chinese consulate in Los Angeles, and that Chinese-language newspapers published pictures of him protesting there.

In October 2010, Zhen moved from Los Angeles to Detroit, where the CDP does not operate. Since then, his only political activities have been three one-man protests in Ann Arbor (photographed by his wife) and one attempt to gather signatures for the release of a jailed journalist in China. He said he also wrote two articles critical of the Chinese government, which he never published. On cross-examination, Zhen acknowledged that the woman who prepared his asylum application had the same address as the CDP did in Los Angeles; and that the CDP had placed advertisements in the *Epoch Times* guaranteeing 100% success on green-card applications if you "join the Democracy Party." Zhen denied learning about the CDP from these ads, but said he read the classified sections of the *Epoch Times* regularly.

The IJ denied Zhen's and Li's applications for asylum, withholding of removal, and CAT protection, finding that Zhen had not demonstrated a well-founded fear of persecution or torture upon their return to China. The Board of Immigration Appeals agreed and dismissed Zhen's appeal. This petition for review followed.

We review legal questions de novo and factual findings for substantial evidence—meaning we uphold the Board's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum, an applicant must demonstrate either past persecution or a well-founded fear of future persecution on account of, as relevant here, political opinion. 8 U.S.C. § 1101(a)(42)(A). Zhen concedes he has not suffered past persecution, so he must show

a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). An asylum applicant must offer "reasonably specific information showing a real threat of individual persecution"—not mere speculation. *Mapouya v. Gonzales*, 487 F.3d 396, 412 (6th Cir. 2007) (citation omitted).

Zhen argues that he would be persecuted in China because of his political activities with the CDP in the United States. For support, Zhen relies on an article posted on the CDP website in 2009, which said Chinese authorities detained and questioned a man named Zhang (whom Zhen does not know) when Zhang returned to China after joining a CDP protest at the Chinese consulate in Los Angeles. The article also speculated that Chinese Communist Party spies operate in Los Angeles. Thus, Zhen says, Chinese authorities are aware of his political activities in the United States. The Board and the IJ discounted the article for lack of meaningful sourcing or corroboration.

Zhen has provided no other evidence that the Chinese government would target him personally for his political activities. That the Chinese government is aware of his participation in a protest at the Chinese consulate in Los Angeles over fifteen years ago is speculation. Chinese officials are even less likely to know about Zhen's one-man protests in Ann Arbor and his attempt to gather signatures for a petition. Nor has Zhen shown that China has a practice of persecuting low-level members of the CDP who attended protests solely outside of China. The record thus does not compel the conclusion that Zhen has a well-founded fear of future persecution.

Zhen and Li also challenge the Board's denial of their applications for withholding of removal and protection under the CAT. But Zhen relies on the same evidence for these claims as he did for his asylum claim; and the relevant standards for these claims are higher than the standard for asylum. *Ceraj v. Mukasey*, 511 F.3d 583, 594 (6th Cir. 2007). Substantial evidence supports

the Board's rejection of Zhen's and Li's asylum claims, so the record necessarily supports the Board's rejection of their withholding-of-removal and CAT claims as well. *Id.*

The petition for review is denied.